UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MY NGOC HUYNH** <br> *Plaintiff,* <br><br> v. <br><br> **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY** <br> *Defendant* | §§§§§§§§§ | **Cause No. _____** <br><br><br> **JURY DEMANDED** |

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

TO THE COURT:

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, UNITED FINANCIAL CASUALTY COMPANY, IMPROPERLY JOINED AS PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ("United Financial"), hereby gives notice of the removal to this Court of an action commenced against it under Cause No. 2018-36732 in Harris County, Texas. In support of its Notice of and Petition for Removal of the state court action to federal court, United Financial shows the Court as follows:

### STATE COURT CASE

1. On June 2, 2018, Plaintiff, My Ngoc Huynh, filed a Petition in this case against Progressive under Cause No. 2018-36732, styled *My Ngoc Huynh v. Progressive County Mutual Insurance Company;* In the 113th District Court of Harris County, Texas. *See* Exhibit A, Plaintiff's State Court Petition. Plaintiff seeks recovery of damages from Progressive under an insurance policy that he alleges provides his uninsured motorist coverage.

1

2. On July 5, 2018, Progressive was served with Plaintiff's Original Petition. *See* Citation, attached as <u>Exhibit B</u>. As such, this Notice of Removal is filed within thirty (30) days of receipt of the first notice of the lawsuit.

### STATEMENT OF FACTS SUPPORTING REMOVAL BASED ON DIVERSITY

3. The underlying state court lawsuit made the basis of this Notice of and Petition for Removal is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this court under provisions of 28 U.S.C. § 1441.

4. There is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff is a resident of Harris County, Houston, Texas. *See* <u>Exhibit A</u>, Plaintiff's Petition at paragraph 3. Plaintiff improperly joined and sued Progressive County Mutual Insurance Company as the sole Defendant in state court. However, Progressive did not provide first party uninsured motorist coverage to Plaintiff at the time of the accident made the basis of this suit. Instead, the policy covering Plaintiff was issued by United Financial Casualty Company, an Ohio corporation. Therefore, the two parties in interest are completely diverse and removal by the true party in interest is proper and appropriate pursuant to U.S.C. §§ 1332, 1441 and 1446. Under 28 U.S.C. § 1332,[1] the true party in interest is a corporation, is a citizen in the state in which it was incorporated (Ohio) and the state where its principal place of business is located (also Ohio).

5. In addition to complete diversity of the parties, the amount in controversy exceeds $75,000, excluding interest, costs and attorney's fees. 28 U.S.C. § 1332(a). Specifically, Plaintiff

---

[1] The determination of one's citizenship for diversity purposes is controlled by federal law, not by the law of any state. *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974). As is the case in other areas of federal jurisdiction, the diverse citizenship among adverse parties must be present at the time the complaint is filed. *Id.* at 1398-1399; *see also Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 955 (5th Cir. 1966). The citizenship of the parties is determined by the citizenship of the parties at the time the lawsuit is filed. *Id.*

seeks damages and monetary recovery in excess of $1,000,000. See Exhibit A, Plaintiff's Petition at paragraph 2. There is no dispute that Plaintiff is seeking more than $75,000.

6. All pleadings, process, orders and other filing in the state court action are attached to this notice as required by LR81 and 28 U.S.C. § 1446(a). The only filings in the state court action are Plaintiff's Original Petition, Proof of Service, and the Original Answer filed in state court, copies of which are attached hereto, respectively as Exhibits A, B, and C.

7. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Texas, Houston Division, embraces Harris County, Texas, where the State Court Action is pending.

## NOTICE OF REMOVAL FROM STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), immediately upon receiving proof of receipt of this document by this Court, United Financial will file a Notice of a Removal with the clerk of the state court where the action has been pending.

## JURY DEMAND

9. A trial by jury was requested in the State Court Action. Likewise, United Financial requests a jury trial in the removed action.

## PRAYER

10. WHEREFORE, UNITED FINANCIAL CASUALTY COMPANY, IMPROPERLY JOINED AS PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY requests that this Court assume jurisdiction of this action and make such further orders as may be required to properly determine this controversy. Defendant further prays for all other relief, general or special, at law or in equity, to which it may be entitled.

Respectfully submitted,

**LAPIDUS KNUDSEN, PC**

*/s/ Andrea C. Peel*
**MARK R. LAPIDUS**
FBN: 10200
SBN: 11942250
mlapidus@lk-lawfirm.com
**ANDREA C. PEEL**
FBN: 113960
SBN: 24032561
apeel@lk-lawfirm.com
808 Travis, 18th Floor
Houston, TX 77002
(713) 400-6000
(713) 622-8054 (FAX)
**ATTORNEYS FOR UNITED FINANCIAL CASUALTY COMPANY, IMPROPERLY JOINED AS PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all parties and/or attorneys of record via facsimile and in accordance with the Texas Rules of Civil Procedure, on this 26th day of July 2018.

Sarah Y-Nhi Huynh                                   *Via E-File*
Pavel "Paul" Savinov
The Huynh Law Firm, PLLC
10333 Harwin Dr., Suite 600
Houston, TX 77036


*/s/ Andrea C. Peel*
**ANDREA C. PEEL**

4